CHAMPION v. STATE

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:CHAMPION v. STATE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

CHAMPION v. STATE2020 OK CR 8Case Number: C-2019-414Decided: 03/19/2020VICTOR CHAMPION, Petitioner v. THE STATE OF OKLAHOMA, Respondent.
Cite as: 2020 OK CR 8, __ __

 

OPINION

LEWIS, PRESIDING JUDGE:

¶1 Victor Champion, Petitioner, pled guilty to Count 1, first degree rape by instrumentation, in violation of 21 O.S.2011, § 1114(A)(6); Count 2, financial abuse or exploitation of a vulnerable adult, in violation of 21 O.S.2011, § 843.3(A); and Count 3, sexual battery, in violation of 21 O.S.Supp.2018, § 1123(B), in the District Court of Tulsa County, Case No. CF-2019-475. The Honorable Kelly Greenough, District Judge, found Petitioner guilty and sentenced him to concurrent terms of five (5) years imprisonment and a $600.00 fine in Count 1, two (2) years imprisonment and a $600.00 fine in Count 2, and five (5) years imprisonment and a $600.00 fine in Count 3, all suspended.

¶2 Petitioner filed a timely motion to withdraw the plea. He now seeks the writ of certiorari from the trial court's denial of his motion to withdraw the plea, in the following propositions of error:

1. The lack of factual basis renders a plea involuntary because the record does not show that there was a factual basis for the charges of rape by instrumentation or sexual battery. Therefore, it was plain error to refuse to let Mr. Champion withdraw his plea;

2. The trial court did not have authority to reinstate a guilty plea. Therefore, the order denying the motion to withdraw plea was a nullity;

3. The trial court did not hold the motion to withdraw hearing within 30 days. Therefore the trial court lost jurisdiction to hear the motion to withdraw plea;

4. A plea that is not knowingly made is not a valid plea. Therefore, it was plain error for the trial judge to not allow Mr. Champion to withdraw his plea;

5. Petitioner was denied the effective assistance of counsel both at the plea hearing and at the plea withdrawal hearing;

6. The accumulation of error in this case deprived petitioner of the due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, § 7 of the Oklahoma Constitution.

¶3 We review the trial court's ruling on a motion to withdraw a plea for an abuse of discretion, Carpenter v. State, 1996 OK CR 56, ¶ 40, 929 P.2d 988, 998; unless it involves a question of statutory or constitutional interpretation, which we review de novo. Weeks v. State, 2015 OK CR 16, ¶ 16, 362 P.3d 650, 654. Neither Petitioner's dissatisfaction with the sentence, nor an inaccurate prediction by counsel of the likely sentence to be imposed on a blind plea, is a sufficient ground for withdrawal of a plea. Lozoya v. State, 1996 OK CR 55, ¶ 44, 932 P.2d 22, 34; Estell v. State, 1988 OK CR 287, ¶ 7, 766 P.2d 1380, 1383.

¶4 In Proposition One, Petitioner challenges the sufficiency of the factual basis for his plea. Petitioner concedes he raised no such claim in his motion to withdraw the plea, forfeiting appellate review of this issue. Rule 4.2 (B), Rules of the Oklahoma Court of Criminal Appeals, Title 22 O.S., Ch. 18, App. (2020)(no matter may be raised in petition for certiorari unless raised in the application to withdraw the plea); Weeks, 2015 OK CR 16, ¶ 27, 362 P.3d at 657. He argues that the trial court's failure to require a factual basis was plain error, and that plea and withdrawal counsel were ineffective in failing to raise the issue.

¶5 Review of such forfeited claims in a certiorari appeal is "even more limited" than review for plain error on direct appeal. Cox v. State, 2006 OK CR 51, ¶ 4, 152 P.3d 244, 247, overruled on other grounds by State v. Vincent, 2016 OK CR 7, 371 P.3d 1127. Given the procedural posture of this claim, our inquiry is limited to whether the guilty plea was made knowingly and voluntarily, and whether the court had jurisdiction to accept the plea. Id. A valid plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). Appellant's admissions in open court and the existing record are sufficient to show that his plea of guilty was voluntary and intelligent given the courses of action open to him. Proposition One is therefore denied.

¶6 In Proposition Two, Petitioner claims the trial court's decision to set aside its original minute order granting his motion to withdraw the plea, and set the motion for evidentiary hearing, amounted to a forced reinstatement of his guilty plea.1 He reasons that because the evidentiary hearing required by Rule 4.2(B) is solely for the benefit of the Petitioner and the Court in a proceeding where the State has no appeal rights, the State's objection to the lack of a hearing was an insufficient reason to set aside the court's original order.

¶7 Petitioner misunderstands the scope and purpose of the required evidentiary hearing. The Court rejected his view of Rule 4.2(B) in Anderson v. State, 2018 OK CR 13, ¶ 3, 422 P.3d 765, 767:

[Rule 4.2(B)] has made the evidentiary hearing on the motion to withdraw plea mandatory upon the filing of an application to withdraw plea, and not discretionary or conditional upon a request of the defendant.

Contrary to Petitioner's argument, the State is an interested party in a certiorari appeal from a plea of guilty, and as such, it has a basic right to be heard at the evidentiary hearing on a defendant's request to withdraw his plea. And "in the absence of an evidentiary hearing on the motion to withdraw plea, this Court is unable to review the trial court's denial of Petitioner's motion." Anderson, 2018 OK CR 13, ¶ 6, 422 P.3d at 767. By correcting its earlier error and setting aside its order granting the motion without a proper hearing, the trial court did not lose jurisdiction to hear evidence and issue a ruling on Petitioner's motion to withdraw the plea. Proposition Two is denied.

¶8 In Proposition Three, Petitioner argues that the trial court lost jurisdiction to deny his motion to withdraw the plea when it failed to hold the evidentiary hearing within the thirty days required by Rule 4.2(B). He did not raise this objection at the time of the evidentiary hearing, nor did he seek relief from this Court for a hearing within the 30-day limit. He has forfeited review of this claim on the merits.

¶9 Rule 4.2(B) states that if the trial court fails to hold the evidentiary hearing on the motion to withdraw a guilty plea within thirty days, a petitioner may seek extraordinary relief with this Court to compel the required hearing. The trial court's failure to hold the hearing therefore does not defeat its jurisdiction; it only renders the court subject to this Court's directive that it perform its clear legal duty to promptly conduct the hearing. Anderson, 2018 OK CR 13, ¶ 6, 422 P.3d at 767 (reversing order denying motion to withdraw plea and remanding with instructions to conduct evidentiary hearing on the motion). Petitioner has not shown that this error rendered his plea involuntary or defeated the trial court's jurisdiction to accept it. Proposition Three is denied.

¶10 In Proposition Four, Petitioner argues that his plea was not knowing. Petitioner again concedes he raised no such claim in his motion to withdraw the plea. He argues both that his unknowing plea should have been plain or obvious to the trial court, and that plea and withdrawal counsel were ineffective in failing to timely raise the issue. We find that in light of the record, and reasonable inferences drawn from the record, Petitioner's plea of guilty was a voluntary and intelligent choice among the alternative courses of action open to him. Alford, 400 U.S. at 31. The plea was therefore both knowing and voluntary. Proposition Four is denied.

¶11 In Proposition Five, Petitioner claims he was denied the effective assistance of counsel at both the plea and the proceedings on his motion to withdraw the plea. To prevail, Petitioner must show both deficient performance by counsel and resulting prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Strickland prejudice, in the guilty plea context, is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Strickland prejudice in the plea withdrawal context is a reasonable probability that, but for counsel's errors, the trial court would have granted the motion.

¶12 Our resolution of these claims is foreshadowed by our resolution of Petitioner's forfeited challenges to his guilty plea and related proceedings. Petitioner entered this plea knowingly and voluntarily. The trial court's errors in initially granting the motion to withdraw the plea before the required evidentiary hearing, and not holding the required evidentiary hearing within thirty days, resulted in no cognizable Strickland prejudice to the Petitioner. We find that he has not shown that plea or withdrawal counsel made errors so serious as to constitute deficient performance, or that he was prejudiced. Proposition Five is denied.

¶13 Finally, in Proposition Six, Petitioner argues that the accumulation of error in this case requires relief. We find no individual errors warranting relief. The two errors already noted caused neither individual harm, nor an accumulation of unfairly prejudicial effect, to Petitioner's defense. Barnett v. State, 2011 OK CR 28, ¶ 34, 263 P.3d 959, 970. Proposition Six is therefore denied.

DECISION

¶14 The petition for the writ of certiorari is DENIED. The Judgment and Sentence is AFFIRMED. Pursuant to Rule 3.15, Rules of the Court of Criminal Appeals, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued upon delivery and filing of this decision.

APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE CLIFFORD SMITH, DISTRICT JUDGE

 

APPEARANCES AT TRIAL

APPEARANCES ON APPEAL

SOFIA JOHNSON
423 S. BOULDER AVE., STE. 300
TULSA, OK 74103
(PLEA)

BRIAN MARTIN
1331 S. DENVER AVE.
TULSA, OK 74119
(WITHDRAWAL)

ATTORNEYS FOR DEFENDANT

DANNY JOSEPH
P. O. BOX 926
NORMAN, OK 73070
ATTORNEY FOR APPELLANT

HEATHER ANDERSON
ASST. DISTRICT ATTORNEY
500 S. DENVER AVE., STE. 900
TULSA, OK 74103
ATTORNEY FOR THE STATE

NO RESPONSE NECESSARY

 

OPINION BY: LEWIS, P.J.
KUEHN, V.P.J.: Concur
LUMPKIN, J.: Concur
HUDSON, J.: Concur in result
ROWLAND, J.: Concur

FOOTNOTES

1 Judge Greenough initially granted the motion to withdraw the plea by minute order, but later vacated that order and transferred the case to the Honorable Clifford Smith, who conducted the evidentiary hearing and denied Petitioner's motion to withdraw the plea.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Criminal Appeals Cases
 CiteNameLevel

 1988 OK CR 287, 766 P.2d 1380, ESTELL v. STATEDiscussed
 1996 OK CR 55, 932 P.2d 22, Lozoya v. StateDiscussed
 1996 OK CR 56, 929 P.2d 988, Carpenter v. StateDiscussed
 2006 OK CR 51, 152 P.3d 244, COX v. STATEDiscussed
 2011 OK CR 28, 263 P.3d 959, BARNETT v. STATEDiscussed
 2015 OK CR 16, 362 P.3d 650, WEEKS v. STATEDiscussed at Length
 2016 OK CR 7, 371 P.3d 1127, STATE v. VINCENTDiscussed
 2018 OK CR 13, 422 P.3d 765, ANDERSON v. STATEDiscussed at Length
Title 21. Crimes and Punishments
 CiteNameLevel

 21 O.S. 843.3, PenaltiesCited
 21 O.S. 1114, Rape in First Degree - Second DegreeCited
 21 O.S. 1123, Lewd or Indecent Proposals or Acts to Child Under 16Cited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA